KIRILL BOGDANOVICH *vs.* JOSEPHINE BOGDANOVICH *et al.*

AUGUST 2, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a bill in equity for an accounting

and incidental relief. Following a hearing on bill, answer and proof, the trial justice denied and dismissed the bill. The cause is here on complainant's appeal from the entry of a final decree in accordance with that decision.

In 1925 complainant married respondent Josephine Bogdanovich, hereinafter called Josephine, a widow with four children, one of whom, Walter Chmilewski, is another respondent. Edward Bogdanovich, the third respondent, is a child of the present marriage. Since 1930 the Bogdanovich family has lived in three rooms connected with a small grocery and meat store which the complainant and Josephine operated on Chalkstone avenue in Providence. The issues in this cause are: first, whether the complainant was the real owner of that store when these proceedings were commenced; and secondly, whether two bank accounts standing in the joint names of Josephine and Walter represent, in whole or in part, improper withdrawals of store money.

The extensive evidence with reference to both issues just mentioned is in serious conflict and irreconcilable. Generally speaking, it is a detailed history of the Bogdanovich family from 1930, when the store was opened, to the present time. It is unnecessary to refer specifically at any length to the evidence, as the determination of both questions at issue ultimately depend upon the credibility that is attached to the testimony of the witnesses for the respective parties.

Although Stanley Bogdanovich, a second son of the present marriage, testified for his father respecting certain minor matters, complainant's case rests entirely on his own testimony. In substance he testified that he presently is and always has been the real owner of the store, notwithstanding that in 1935, without his wife's knowledge, he executed a bill of sale of the store to her, which document he kept in his possession as a protection against creditors; that the moneys in the two bank accounts represented funds that were taken surreptitiously from the store at

various times, especially between 1943 and 1947, by Josephine and Walter; and that he first knew of such improper withdrawals shortly before the commencement of this cause.

Complainant's testimony as to the present ownership of the store and the source of the moneys in the bank accounts was contradicted by Josephine, the four Chmilewski boys, Edward Bogdanovich and Jacob Cohen, the last-mentioned person being the landlord and also a business creditor. Their testimony with reference to the store in effect was that in April 1948 the complainant, who had been employed from time to time in various mills prior to that date, gave the store to Walter on condition that the latter pay all outstanding business obligations, which he did.

Cohen's testimony is significant. Apparently without interest in the matter, he testified that upon calling at the store in April 1948 to collect accrued meat bills complainant refused to pay anything on that account. The reason for such refusal appears in the transcript as follows: "Q. Did you have a conversation with Mr. Kirill Bogdanovich? A. Yes I did. Q. Tell the Court what that conversation was? A. He says I am going to turn the store over to the boy, the boy is going to pay all obligations. Q. Did the boy, as a matter of fact, pay the obligation? A. He did. Q. Do you recall what the amount of the obligations were at that time. A. Approximately $300.00." He further testified that thereafter he collected no more rent from the complainant and that all his business dealings were with Walter.

Respondents' testimony with reference to the bank accounts in substance was that they represented the savings of Walter Chmilewski and Edward Bogdanovich from earnings in private employment before they entered military service and savings from their pay while in such service, together with bonuses upon discharge therefrom. Walter served in the armed forces from May 1942 to November 1945 and Edward from September 1946 to December 1947.

Respondents' testimony further shows that during those periods all letters from Walter and Edward were addressed to Mr. and Mrs. Bogdanovich. Upon receipt of such letters the remittances enclosed therein were deposited by Josephine in one or the other of the two accounts here in question.

The trial justice in his decision succinctly characterized the controversy in this cause as a "family battle." His comments in the course of his review of the evidence plainly show that he did not believe complainant. In the matter of the store he was favorably impressed by the testimony for respondents, especially that of Cohen, and with respect to the bank accounts he believed that those funds were the savings of Walter and Edward and not moneys taken from the store by either Josephine or Walter. He dismissed complainant's assertion that the existence of the bank accounts was unknown to him until shortly before the commencement of these proceedings, April 4, 1949, with the observation that "he must have been blind if he didn't see the allotment checks coming every month to the mother *and father* as they testified here." (italics ours) The trial justice finally denied and dismissed the bill on the ground that the complainant had failed to establish his case by a fair preponderance of the evidence.

As we indicated early in this opinion credibility is the determinative factor in this cause. In passing on that issue, especially if as here the evidence is in hopeless conflict, the trial justice has a decided advantage in that he has the opportunity of observing the witnesses while testifying whereas we are confined to the cold record. Unless the trial justice misconceives or fails to consider material evidence, this court has consistently held that his findings of fact on conflicting evidence in an equity cause are entitled to great weight and will not be set aside unless they clearly fail to do justice between the parties. *Oldham* v. *Oldham*, 58 R. I. 268; *Caton* v. *Caton*, 74 R. I. 208. Our examination of the present record convinces us that

the trial justice fairly considered all the evidence in reaching his conclusion, which was reasonable on his appraisal of the credibility of the witnesses who testified before him. In the circumstances we cannot say that his decision was clearly wrong.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Kirshenbaum & Kirshenbaum, Knauer & Knauer,* for complainant.

*Haslam, Arnold & Sumpter, Stephen F. Mullen* for respondents.